# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI FRIEDBERG,<br>    Plaintiff,<br>v.<br>ANDREW SAUL,<br>Commissioner of Social Security,[1]<br>    Defendant. | CIVIL ACTION NO. 18-1703 |

## ORDER

Plaintiff Lori Friedberg seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. The Court referred the case to United States Magistrate Carol Sandra Moore Wells, who has issued a Report and Recommendation ("R&R") that Plaintiff's request for review be granted and the case be remanded.

In response to the request for review, the Commissioner conceded that the "ALJ erred (1) by not consolidating the claims into a single electronic record; and (2) in evaluating Plaintiff's subjective complaints and the third party statements from Plaintiff's husband and daughter, and testimony from Plaintiff's boyfriend,"[2] and contended that remand was the proper remedy.[3] Plaintiff contended that the Court should reverse the ALJ's decision and award benefits instead of remanding the case.[4]

The R&R agreed that the ALJ erred but recommended that the Court remand the case

---

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).

[2] Doc. No. 20 at 1.

[3] *See id.* at 13.

[4] Doc. No. 21 at 2.

rather than order benefits.[5] The R&R explained that, for a court to award disability benefits, "the administrative record of the case [must be] fully developed and . . . substantial evidence on the record as a whole [must] indicate that the claimant is entitled to benefits."[6] The R&R determined that the administrative record of the case was not fully developed because the parties agreed that the ALJ failed to properly evaluate the favorable lay evidence.[7] Moreover, the R&R noted that it is "unclear that substantial evidence necessarily supports Plaintiff's disability claim" for two reasons.[8] First, "on remand, the ALJ may be able to provide legitimate reasons for rejecting any favorable lay evidence that he previously failed to evaluate properly."[9] Second, Plaintiff relied on the medical source statement provided by her treating psychiatrist for her assertion that substantial evidence indicates that she is entitled to benefits.[10] However, the R&R explained that it is a disputed issue whether the ALJ properly afforded reduced weight to the psychiatrist's opinions and, "were the court to decide this disputed issue . . . it is not certain that Plaintiff would prevail."[11]

Plaintiff objects to the R&R contending that the matter should be reversed for an award of benefits, rather than remanded for further evaluation by the ALJ.[12] "[A]ny decision to award

---

[5] R&R [Doc. No. 22] at 9.

[6] *Id.* (quoting *Brownawell v. Comm'r Of Soc. Sec.*, 554 F.3d 352, 358 (3d Cir. 2008) (quoting *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir. 1984))).

[7] *See id.*

[8] *Id.*

[9] *Id.*

[10] *See id.*

[11] *Id.* at 9–10.

[12] Doc. No. 23 at 3. Plaintiff also objects on the grounds that the Commissioner waived his right to request remand in this matter. *See id.* at 1. However, even assuming that the Commissioner could waive this remedy, the record shows that the Commissioner requested remand to the ALJ on at least two occasions. *See* Defendant's Contested Motion to Remand [Doc. No. 14] at 1–2; Defendant's Response to Request for Review [Doc. No. 20] at 15 ("The Commissioner respectfully submits that the Court should remand the matter for consolidation of the evidence of

2

benefits in lieu of ordering a remand for further agency consideration entails the weighing of two factors: First, whether there has been an excessive delay in the litigation of the claim which is not attributable to the claimant; and second, whether the administrative record of the case has been fully developed and substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits.[13] "When faced with such cases, it is unreasonable for a court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would result only in further delay in the receipt of benefits."[14]

Plaintiff filed for disability benefits ten years ago. After the first unfavorable decision was issued by the ALJ and the Appeals Council denied review, Plaintiff appealed to the District Court. On April 4, 2013, the Honorable Lawrence F. Stengel remanded the case to the ALJ based on several errors, including the ALJ's failures to properly evaluate Plaintiff's credibility and properly consider Plaintiff's then-husband, David Friedberg's, statement in support.[15] On April 19, 2014, the ALJ issued a new decision denying Plaintiff's claim.[16] In October 2015, the Appeals Council remanded Plaintiff's claim in part because "[t]he April 19, 2014 decision did not weigh the statements of David Friedberg, the claimant's husband . . . Zelda Brafman, the

---

record into a single electronic record, further evaluation of Plaintiff's subjective complaints, and further evaluation of the testimony and reports from Plaintiff's boyfriend, husband, and daughter.").

[13] *Diaz v. Berryhill*, 388 F. Supp. 3d 382, 391 (M.D. Pa. 2019) (citing *Podedworny*, 745 F.2d at 221–22 (citations omitted)); *see also Cooper v. Berryhill*, No. 18-206, 2019 WL 144922, at *1 (M.D. Pa. Jan. 9, 2019); *Wisneski v. Berryhill*, No. 17-00650, 2018 WL 4441789, at *5 (M.D. Pa. July 30, 2018), *report and recommendation adopted*, No. 3:17-650, 2018 WL 4409388 (M.D. Pa. Sept. 17, 2018). "The fourth sentence of § 405(g) reads, 'The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" *Walker v. Astrue*, 593 F.3d 274, 276 (3d Cir. 2010) (quoting 42 U.S.C. § 405(g)); *see also Potter v. Barnhart*, No. 02-2185, 2003 WL 22016796, at *1 (E.D. Pa. June 11, 2003).

[14] *Podedworny*, 745 F.2d at 222.

[15] *Friedberg v. Astrue*, No. 11-6451, Report and Recommendation, at *13–15 (E.D. Pa. April 4, 2013). In 2013, the ALJ also issued an unfavorable opinion on Plaintiff's second applications for DIB and SSI. The Appeals Council then remanded the case and ordered the ALJ to consolidate Plaintiff's cases.

[16] R. at 621.

3

claimant's [mother] . . . and the testimony of the claimant's boyfriend," Alan Douca.[17] Now, after conceding that the ALJ erred again—and, importantly, erred in evaluating the same testimony that lead to two prior remands—the Commissioner nonetheless requests that the Court require Plaintiff to begin the process anew. However, numerous Third Circuit cases demonstrate that administrative delays of this length—especially when "caused by deficiencies that are not attributable to any error of the claimant"[18]—constitute "excessive delays triggering consideration of an award of benefits in lieu of a remand."[19] Because of errors by the Commissioner, after ten years, five hearings, four ALJ decisions, two Appeals Council remands, and one District Court remand, Plaintiff is still waiting for a correct resolution of her claims. Therefore, this factor militates heavily in favor of awarding Plaintiff benefits.

Moreover, the ALJ determined that Plaintiff has "the following severe impairments: diabetes mellitus, substance addiction disorder, gastroparesis, and anxiety disorder."[20] In addition, there is substantial evidence in the record that Plaintiff's impairments "render [her] unable to engage in substantial gainful activity."[21] Substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"[22] This standard

---

[17] R. at 622.

[18] *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000).

[19] *Diaz*, 388 F. Supp. 3d at 391 (citing *Brownawell*, 554 F.3d at 358 (8 years delay, and 2 prior remands, benefits awarded); *Morales*, 225 F.3d at 320 (award of benefits ordered after 10 years and two appeals); *Woody v. Sec'y of Health & Human Servs.*, 859 F.2d 1156, 1162 (3d Cir. 1988) (eight years of administrative and judicial proceedings, benefits awarded); *Podedworny*, 745 F.2d at 222 (award of benefits after two appeals, 5½ years of delay); *Halloran v. Berryhill*, 290 F. Supp. 3d 307, 321 (M.D. Pa. 2017) (4 year delay, benefits awarded); *Nance v. Barnhart*, 194 F. Supp. 2d 302, 322 (D. Del. 2002) (7 years of delay in processing first appeal, benefits awarded); *Schonewolf v. Callahan*, 972 F. Supp. 277, 290 (D.N.J. 1997) (6 years of delay, 2 prior remands, benefits awarded)); *see also Jennings v. Astrue*, No. 09-1642, 2011 WL 338799, at *8 (E.D. Pa. Jan. 31, 2011) (8 year delay, "three hearings before an ALJ, followed by three petitions to the appeals council, and an appeal to the district court.").

[20] R. at 441.

[21] *Morales*, 225 F.3d at 320. The record is also fully developed. There have been five hearings over ten years in case, and there is no indication of any missing evidence. The issues in this case stem from the ALJ's repeated failure to properly evaluate the evidence in the fully developed record.

[22] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

4

is "less than a preponderance of the evidence but more than a mere scintilla."[23]

Plaintiff's treating psychiatrist, Dr. Maria Reis, completed a Medical Source Statement in which she indicated that Plaintiff was "precluded" from "[c]omplet[ing] a normal workday and workweek without interruptions from psychologically based symptoms and perform[ing] at a consistent pace without an unreasonable number and length of rest periods."[24]

There is also substantial evidence demonstrating Plaintiff's disability from lay witnesses, including David Friedberg, Brafman, and Douca. Friedberg stated that Plaintiff "cannot handle stressful situations, is afraid of new things, won't go places by herself, at work will get overwhelmed and [has] problems working with people."[25] Douca testified that Plaintiff "can't remain seated for prolonged periods or remain standing for more than five to ten minutes."[26] Brafman described Plaintiff as "[o]verly tired," and as someone who struggles with "severe/migraine headaches, [has] trouble walking stairs, falling down, anxiety with separation, depression, [and is] unsure of [her]self."[27]

In sum, there is substantial evidence of Plaintiff's disability and the ALJ has repeatedly failed to properly evaluate both the lay witness testimony and Plaintiff's own testimony. In 2013, the District Court remanded because of the ALJ's failure to properly consider this testimony. In

---

[23] *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

[24] R. at 1063. Although the ALJ afforded "little weight" to Dr. Reis's testimony due to supposed internal inconsistencies, *see* R. at 450, this testimony, from a treating doctor, is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

[25] R. at 163.

[26] R. at 491.

[27] R. at 881. The R&R determined that the ALJ's failure to properly weigh this evidence meant that it was unclear whether this evidence constitutes substantial evidence. However, reasonable minds could certainly accept the testimony from the people who knew Plaintiff best as adequate to support a finding that her disabilities rendered her disabled. *See Richardson*, 402 U.S. at 401. The question is not whether the ALJ reasonably could determine otherwise, but whether there is substantial evidence supporting disability and a history of delay and error such that a further hearing is unwarranted. That is the case here.

2015, the Appeals Council remanded because the ALJ *again* failed to properly evaluate this testimony. Nevertheless, in 2016, as the Commissioner concedes, the ALJ *again* improperly evaluated this evidence. Plaintiff has already waited ten years for a proper resolution of her claims. The Court will not provide the ALJ a *fourth* opportunity to get it right.[28] Considering the extensive delay, and the substantial evidence indicating that Plaintiff is disabled, an award of benefits is the appropriate relief under these circumstances.

**AND NOW**, this 19th day of February 2020, upon consideration of Plaintiff's Complaint against the Commissioner of the Social Security Administration [Doc. No. 3], the Answer to the Complaint [Doc. No. 7], Plaintiff's Brief and Statement of Issues in Support of Request for Review [Doc. No. 9], the Commissioner's Response to Request for Review [Doc. No. 20], Plaintiff's Reply to Response [Doc. No. 21], the R&R of United States Magistrate Judge Carol Sandra Moore Wells [Doc. No. 22], Plaintiff's Objections to the R&R [Doc. No. 23], and the Commissioner's Response thereto [Doc. No. 26], and after careful, independent review of the complete administrative record, it is hereby **ORDERED** that:

1. The Clerk is directed to **REMOVE** the case from Civil Suspense;
2. Plaintiff's Objections to the R&R [Doc. No. 23] are **SUSTAINED in part**;
3. The R&R [Doc. No. 22] is **ADOPTED in part**;
4. The case is **REMANDED** to the Commissioner for a speedy calculation of benefits to which Plaintiff is entitled from the onset date of January 22, 2009.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.

---

[28] *See Soubik v. Dir., Office of Workers' Comp. Programs*, 366 F.3d 226, 237 (3d Cir. 2004).

6